# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 16-1400V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
KATHARINE GMUER as parent and          *
natural guardian of, T.G.., a minor,   *       Special Master Corcoran
                                       *
                                       *       Filed: September 26, 2017
                Petitioner,            *
        v.                             *       Petitioner's Motion for a Decision;
                                       *       Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                    *       Act; Denial Without Hearing.
AND HUMAN SERVICES,                    *
                                       *
                Respondent.            *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Renee J. Gentry*, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for Petitioner.

*Ann D. Martin*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On October 26, 2016, Katherine Gmuer filed a petition on behalf of her minor child, T.G., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleges that the Influenza, Hepatitis A, DTaP, and Varicella vaccinations received in November

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2013, December 2013, and April 2015 caused T.G. to develop various behavioral problems and other juries. *See* Petition ("Pet.") (ECF No. 1) at 1-2.

After filing medical records in early December 2016, Petitioner filed the Joint Statement of Completion on January 11, 2017 (ECF No. 9-3). Petitioner obtained and filed additional medical records on January 11th as well. *See* ECF No. 9-2 Thereafter, Respondent filed her Rule 4(c) Report on March 21, 2017, contesting Petitioner's right to damages (ECF No. 11).

On March 31, 2017, I issued an order setting forth my concerns regarding the gaps in factual history in Petitioner's case. In it, I explained to Petitioner that the medical records did not support a causal link between T.G.'s alleged behavioral problems and his vaccinations. *See* Order, dated Mar. 31, 2017 (ECF No. 12). For example, after T.G. received the vaccines on November 11, 2013, he complained of stomach problems, nasal congestion, and eye discharge at a December 26, 2013 doctor visit, but office notes did not mention any behavioral problems. No behavioral problems were noted until nearly a year had passed in April 2015. In light of these factual gaps, I directed Petitioner to obtain an expert and file a status report better explaining her claim and setting forth a sufficient medical theory linking T.G.'s injuries to the vaccinations.

On August 31, 2017, Petitioner filed a status report indicating that she could not find an expert to support causation in this case. ECF No. 15. Petitioner further requested 30 days to conclude the case. On September 19, 2017, I issued an order directing Petitioner to file a motion for ruling on the record or a motion to dismiss. Petitioner filed the pending motion to dismiss on September 25, 2017, stating that she could not establish entitlement in this case. ECF No. 16.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that T.G. suffered a Table injury. Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

2

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master